# IN THE COURT OF APPEALS OF IOWA

No. 14-0927
Filed March 11, 2015

**GREGG MEHLBERGER,**
      Plaintiff-Appellant,

**vs.**

**JOHNSON COUNTY, IOWA,**
      Defendant-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Stephen B. Jackson Jr., Judge.

Plaintiff appeals dismissal of his claim on grounds municipal defendant possessed statutory immunity from such claim. **AFFIRMED.**

Pete Leehey and Anthony J. Olson of Pete Leehey Law Firm, P.C., Cedar Rapids, for appellant.

Sasha L. Monthei of Sheldrup Blades Schrock Smith P.C., Cedar Rapids, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Gregg Mehlberger filed suit against Johnson County arising out of a motorcycle accident allegedly caused by the county's negligence. Following a bench trial, the district court concluded the county was immune from liability based on the theory of the case and evidence presented at trial. Mehlberger timely filed this appeal. Our standard of review is for correction of errors at law. *See* Iowa R. App. P. 6.907. We will not set aside a bench trial decision unless it was induced by an error at law. *See Evans v. Benson*, 731 N.W.2d 395, 397 (Iowa 2007).

I.

The following facts are supported by substantial evidence. During the week preceding June 19, 2010, a Johnson County maintenance crew replaced a culvert under a section of Sugar Bottom Road. During construction, the county placed "road closed" barricades near the culvert and "road closed" signs at other points along the roadway prior to entry into the construction zone. By June 18, the maintenance crew had replaced the culvert and restored the affected roadway by laying a recycled asphalt surface as the compacted aggregate base support structure of the road. The county planned to place a final seal on the roadway at a later date when it was doing similar work on other roadways. Although the final seal had not been applied, the Johnson County Secondary Road Department determined the road was sufficiently sealed and compacted to be safe. The county removed the road closed barricades and road closed signs

and reopened Sugar Bottom Road to traffic. No different signage was placed, erected, or installed near the completed construction upon the road reopening.

On June 19, Plaintiff Gregg Mehlberger and a group of friends were motorcycling in Johnson County. As Mehlberger approached the curve in Sugar Bottom Road near the completed construction, he lost control of his bike on loose gravel. The loose gravel caused Mehlberger's motorcycle to slide out from underneath him and caused Mehlberger to slide on the road into the ditch head first. Mehlberger was taken by ambulance to the emergency room, where doctors cleaned out dirt and rocks embedded in his arm. It is not disputed that the quality of the road surface changed near the construction area.

Mehlberger filed this suit against the county. In his third amended petition, Mehlberger alleged the county was negligent in the following particulars: (a) creating a dangerous condition by not completing the road work promptly; (b) failing to warn of the incomplete road work and presence of gravel/mud; and (c) removing the barriers closing the portion of Sugar Bottom Road before the roadwork was completed. The county filed two motions for summary judgment, asserting various statutory immunities. The district court denied both motions for summary judgment. The matter was tried to the court in March 2014. Based on the theory of the case and evidence presented at trial, the district court found and concluded the county was immune from liability pursuant to Iowa Code section 668.10 (2009).

II.

As a general rule, a municipality possesses statutory immunity for any cause of action arising out of the municipality's failure "to place, erect, or install a stop sign, traffic control device, or other regulatory sign." Iowa Code § 668.10(1)(a). The statutory immunity extends to Johnson County. *See* Iowa Code § 670.12(2) (defining a "municipality" as including a "county"). "However, once a regulatory device has been placed, created, or installed, the . . . municipality may be assigned a percentage of fault for its failure to maintain the device." *Id.*

Mehlberger frames the question on appeal as one of statutory construction. He contends the county does not have statutory immunity here because the county's decision to remove the road closed barricades and road closed signs after completing construction is a "failure to maintain" within the meaning of section 668.10. In support of his argument, Mehlberger notes a common definition of "maintain" is "to continue; carry on; to preserve or keep in a given existing condition." The American Heritage Dictionary 757 (2d. ed. 1982). We conclude Mehlberger has not correctly framed the issue on appeal.

At trial, the evidence showed the county placed road closed barricades on the roadway during construction. The evidence also showed the county placed road closed signs at other points along the roadway during construction. When the county completed the culvert replacement and restoration of the roadway, the county removed the road closed barricades and the road closed signs. Mehlberger's expert testified that he did not "have a problem with [the county]

reopening the road." He did not testify that the county should have "maintained" the road closed barricades or road closed signs upon reopening Sugar Bottom Road. Indeed, it would not make any sense to "maintain" road closed barricades and signs when the roadway was no longer closed. Instead, Mehlberger's expert testified that, upon opening the road, the county should have placed or installed different signage to warn motorists of the change in the surface conditions in the road. The district court seized upon this distinction, concluding "by Mehlberger's own expert's testimony, this is not a case concerning maintenance of road signs but, rather, a question of failure to place, erect, or install a warning sign. No evidence demonstrated that the 'road closed' signs should have remained posted." The district court concluded the case, as actually tried to the court, fell squarely within the statutory immunity provision of section 668.10(1).

We agree with the district court's findings and conclusions based on the case as it was actually tried to the district court. Mehlberger's claim is not that the road closed barricades and signs should have been "maintained" after the road was open. His real claim, as evidenced at trial, is that new and different signs should have been placed to warn motorists of the danger presented by the new road surface when the road was reopened. The claim actually presented clearly arises out of the municipality's failure "to place, erect, or install" signage and is barred by Iowa Code section 668.10(1)(a). *See Saunders v. Dallas Cnty.*, 420 N.W.2d 468, 472 (Iowa 1988) ("No matter how the challenged county activity is defined or labeled, it comes down to a choice of whether or where to place signs. A decision whether to replace this sign, to move it, or to supplant it with

one or more other signs, is not a matter of maintenance under the statute. On the contrary such an action is a matter of deciding to place signs, for which the county cannot be held liable.").

III.

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED.**